No. 31 October 11, 2016 301

IN THE OREGON TAX COURT
REGULAR DIVISION

Marlin "Mike" E. HILLENGA,
and Sheri C. Hillenga,
*Plaintiffs,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC 5086)

Plaintiffs (taxpayers) originally appealed from a Magistrate Division decision that had denied their appeal regarding certain income tax deductions. Following trial in the Regular Division, an opinion and judgment were entered that found for Defendant (the department), with the exception of an issue regarding validity of a net operating loss (NOL) carryforward deduction taken by taxpayers. The department timely appealed to the Oregon Supreme Court the judgment entered as to the court's decision against the department's position on the NOL carryforward deduction issue, and that part of the case was remanded back to the Tax Court. On remand from the Supreme Court, the remaining sole issue was the NOL deduction issue. Ruling that taxpayers had failed to introduce any evidence in the record to support their position, the court directed that the NOL be reduced to the level that was established by the department's position on the liability for the 2006 tax year.

Oral argument was held via telephone on October 3, 2016.

Sheri C. Hillenga argued the cause for Plaintiffs *pro se.*

Darren Weirnick, Senior Assistant Attorney General, Department of Justice, Salem, argued the cause for Defendant Department of Revenue (the department).

Decision rendered October 11, 2016.

**HENRY C. BREITHAUPT, Judge.**

This matter is before the court on remand from the Oregon Supreme Court. *Hillenga v. Dept. of Rev.*, 358 Or 178, 361 P3d 598 (2015).

The Supreme Court reversed the judgment of this court to the extent that it barred from consideration the question raised by Defendant Department of Revenue (the department) as to the validity of the net operating loss (NOL) carryforward deduction taken by Plaintiffs (taxpayers) on

their 2006 personal income tax return. That NOL arose, allegedly, in the 2004 tax year.

The parties had an opportunity to introduce evidence on this matter. Although the position of the department was denominated as a counterclaim, the statutory position cited by the department was ORS 305.575. That statute grants this court jurisdiction to determine the correct amount of tax for a year in dispute. Because taxpayers claimed the NOL, they have the burden of proof as to the facts that are required to support the deduction.

Taxpayers presented no evidence demonstrating that they had satisfied the record keeping requirements for automobile, travel and entertainment expenses that were claimed on the 2004 return. As to that requirement, Oregon follows the substantiation rules imposed by section 274 of the Internal Revenue Code.

Taxpayers have asserted that they kept such records on a computer, but that the records were lost by reason of a computer failure. Taxpayers however, made no other showing that the amounts claimed for automobile, travel and entertainment were expended. In addition, taxpayers gave somewhat inconsistent explanations of the absence of substantiation. They both claimed destruction and a view that records did not need to be kept for years as far back as 2004.

Taxpayers have also asserted that the auditor examining the 2006 return did not ask for substantiation records. Even if that is true (and the department contests the matter) that would not affect this decision. The trial of matters in this court is based on evidence presented in this court and not on what occurred in the audit.

Taxpayers complain that they were not permitted to appeal various decisions of this court against them in this court's initial Opinion, (*Hillenga v. Dept. of Rev.*, 21 OTR 396 (2014)) but that the department was permitted to appeal. The department filed a timely appeal of this court's decision against the department's position on the NOL issue. Taxpayers did not file a timely appeal from the portions of this court's decision against them. Taxpayers could have

filed an appeal, but they failed to do so in accordance with the rules of appellate procedure. *See Hillenga*, 358 Or at 180 n 1.

The law requires substantiation and taxpayers failed to substantiate the expenses at issue. Those expensed are not allowed. The consequence is that the NOL is reduced to the level that was established by the department's position on the liability for the 2006 year.

Counsel for the department is directed to submit an appropriate form of judgment. Now, therefore,

IT IS THE DECISION OF THIS COURT that the NOL carryforward deduction shall be determined as described above.